UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RCPI LANDMARK PROPERTIES, LLC,          :

                    Plaintiff,          :     06 Civ. 3468 (TPG)

      - against -          :     **OPINION**

ROCKEFELLER GROUP, INC. and          :
CLUB QUARTERS, INC., and CLUB
QUARTERS MANAGEMENT          :
COMPANY LLC,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/06

      Various motions have been made, which were discussed at the recent oral argument. The purpose of this opinion is to deal with only two aspects of these motions – (1) defendant's contention that the court lacks jurisdiction over plaintiffs' claims; and (2) plaintiff's application for leave to file a second amended complaint.

      As to the jurisdiction issue, defendants contend that plaintiff has no standing to assert any federal trademark claims, thus leaving plaintiff with nothing but a breach of contract claim, which can only be entertained in the state court. Defendants' argument rests on the proposition that plaintiff has a non-exclusive license in the principal trademark in question - Rockefeller Center - and has no standing to assert federal trademark claims.

      The court disagrees.

      Plaintiff obtained a license to use the Rockefeller Center Mark

under unique circumstances, far different from most licensing arrangements. Plaintiff purchased Rockefeller Center out of bankruptcy. It was obviously necessary for plaintiff, as the new owner of Rockefeller Center, to be able to use the name Rockefeller Center. However, the entity known as Rockefeller Group, Inc., owned the Rockefeller Center Mark and did not wish to relinquish ownership of that mark. The problem was solved in an agreement entered into in 1996. This agreement confirms that RGI retains ownership of the Rockefeller Center Mark.

However, the agreement confers a license upon plaintiff to use the Rockefeller Center Marks. The basic provision regarding this license is Article 3.01 of the agreement. It is specifically stated that the license is "non-exclusive." However, it is indeed a very broad license and the rights which remain with RGI, by virtue of the license being "non-exclusive," are severely limited by the next article - Article 3.02. Article 3.02(2) provides that RGI shall not "use, suffer or permit any of the Rockefeller Center Marks as a trade name or business name except as specified in Appendix D." That appendix is not relevant for present purposes. Thus, the 1996 agreement in effect gives plaintiff the exclusive license to use a Rockefeller Center Mark as a trade name or a business name.

Since Rockefeller Center was and is a real estate complex, there is a provision in the 1996 agreement dealing with the use of the Rockefeller Center mark in connection with real estate. Article 3.02(1) provides that RGI

-3-

shall not

>   use, suffer or permit the use of the Rockefeller Center Marks in connection with the name of any real estate other than commercial real estate projects (including office building, residential and mixed-use projects) situated within the protected Area
>   . . . .

The term "Protected Area" is defined as an area centered on the present Rockefeller Center complex with specified boundaries.

The exact meaning of the quoted provision has yet to be determined by the court. However, the basic purpose of the provision is obviously to recognize that plaintiff has purchased the Rockefeller Center real estate complex and is entitled to protection from other Rockefeller Center real estate complexes or developments from springing up. Thus, as to real estate, the license to plaintiff is in effect exclusive, subject to the exception about commercial real estate projects within the Protected Area.

It is obvious, under the law, that the question of whether a license is exclusive or non-exclusive, with respect to the issue of a licensee's right to assert federal trademark claims is not determined on the basis of labels but by examining the license agreement as a whole. In this case, the court concludes that the 1996 agreement confers an exclusive license on plaintiff with respect to trade name and business name usage. As to the use of the Rockefeller Center Marks in relation to real estate, the license is exclusive with one narrow exception, and it surely is not a non-exclusive license in the usual sense.

Accordingly, the court holds that plaintiff has standing to assert claims in this case under federal trademark law with regard to the Rockefeller Center Marks.

There are also issues regarding the Rockefeller Plaza Mark. However, an agreement entered into in 2000 expressly granted plaintiff an exclusive license regarding this mark. Plaintiff has standing to assert federal trademark claims as to this mark.

This means that there is federal jurisdiction. To the extent that the defense motions assert lack of standing and lack of federal jurisdiction, those applications are denied.

With regard to plaintiff's motion to file a second amended complaint, that motion is granted.

SO ORDERED.

Dated:   New York, New York
         November 22, 2006

*[signature]*

THOMAS P. GRIESA
U.S.D.J.